UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERRI FLORES,

               Plaintiff,

     v.

SAFEWAY INC.,

               Defendant.

CASE NO. 2:19-cv-825 JCC-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND

**NOTED:** AUGUST 23, 2019

    The District Court has referred this matter, which defendant removed to federal court, to the undersigned. *See* Dkt. 7. This matter is before the Court on plaintiff's motion to remand for lack of subject matter jurisdiction. *See* Dkt. 8.

    Defendant relies solely on plaintiff's statement of damages to establish that the amount in controversy in this case exceeds $75,000—the threshold amount for this Court to have diversity jurisdiction. However, defendant's reliance on the statement of damages—an estimate that provides no explanation in support of the amounts sought—is inadequate to meet defendant's burden to establish the jurisdictional amount by a preponderance of the evidence. Therefore, the

1  undersigned recommends that the Court grant plaintiff's motion to remand the matter to the
2  Superior Court for King County, Washington. Plaintiff's request for attorney fees and costs
3  should be denied.

## BACKGROUND

In March 2019, plaintiff filed a complaint in King County Superior Court and alleged that she stepped in a pothole outside one of defendant's stores, suffering a fractured ankle. *See* Dkt. 4-1, at 2–3. Plaintiff brought a cause of action for negligence against defendant and sought damages in an amount unknown at the time she filed the complaint. *See* Dkt. 4-1, at 4. Because plaintiff alleged personal injury, Washington State law prohibited her complaint from including "a statement of the damages sought[.]" RCW 4.28.360. Instead, RCW 4.28.360 provided that upon a defendant's request, plaintiff would be required to provide a statement of damages "setting forth separately the amounts of any special damages and general damages sought."

Defendant filed a notice of removal to this Court. *See* Dkt. 1. Defendant stated that it had requested a statement of damages from plaintiff and that plaintiff's statement of damages identified damages of approximately $90,000—more than the jurisdictional amount. *See* Dkt. 1, at 2.

Plaintiff now requests that the Court remand the matter to state court because defendant has failed to meet its burden to show that the amount in controversy exceeds $75,000. *See* Dkt. 8, at 3.

## DISCUSSION

Plaintiff does not contest that the parties are diverse. *See* Dkt. 8, at 3. Instead, plaintiff asserts that the statement of damages is speculative and conclusory and therefore inadequate to

1 meet defendant's burden of proof. *See* Dkt. 8, at 2, 4. The undersigned agrees and recommends remand of this matter to state court on this basis.

28 U.S.C. § 1446 governs the procedure for removing a civil action from state court. Where, as here, state law prohibits including the amount in controversy in the complaint, § 1446(c)(2)(A) provides that the notice of removal may assert the amount in controversy. If plaintiff contests the removal, defendant bears the burden to establish by a preponderance of the evidence that the amount in controversy requirement is met. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 537, 553–54 (2014); *see also* 28 U.S.C. § 1446(c)(2)(B).

The removal statute is strictly construed, and there is a strong presumption against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).

Here, defendant's notice of removal relies on plaintiff's statement of damages, which was prepared and signed by plaintiff's counsel. *See* Dkt. 1-3. The statement of damages includes a disclaimer that it is a "good faith estimate of Plaintiff's known damages, prepared by counsel, at the time that this [statement of damages] was formulated" that was "necessarily formulated by Plaintiff's counsel early in this case, before any meaningful discovery has occurred, before the Defendant's respective limits of liability insurance are known[,] and before all of the Plaintiff's damage [sic] are fully known or ascertainable." *See* Dkt. 1-3, at 1–2. The statement of damages listed medical expenses of $15,734.93; wages, lost profits, and/or impaired earning capacity of $5,420.96; miscellaneous damages of $1,250; and pain and suffering, inconvenience, mental, physical, and emotional distress and other non-economic damages of $67,445.61. *See* Dkt. 1-3, at 2. For each of these amounts, plaintiff stated that the damages listed were "an amount

unknown but to be proven at the time of trial and for the purposes of this pleading and to assist the Defendant's insurer in setting its reserves[.]" *See* Dkt. 1-3, at 2.

Neither plaintiff's statement of damages—which was not made under oath—nor plaintiff's complaint identify any particular basis for the damages claimed.  In the complaint, plaintiff alleges simply that she hurt her ankle and fell in the parking lot, that she had abrasions to her body, that she presented to urgent care for her fractured ankle, and that she "ha[d] incurred and w[ould] likely continue to incur medical expenses and lost wages to be proven at the time of trial, and pain and suffering all to her general and special damages[.]" Dkt. 1-2, at 2, 4.  Without any explanation or other supporting evidence, the amounts alleged in the statement of damages for "Wages, Lost Profits and/or Impaired Earning Capacity," "Miscellaneous," and "Pain and Suffering, Inconvenience, Mental, Physical and Emotional Distress and other Non-Economic Damages" are too speculative and conclusory to support a finding by a preponderance of the evidence that the jurisdictional threshold has been met.  *See* Dkt. 1-3, at 2 (emphasis omitted).

Defendant argues that "there is no better proof of the amount in controversy than a plaintiff's own statement of the damages sought." Dkt. 10, at 4.  This argument is unpersuasive.  The Court has an independent duty to examine its own jurisdiction, and where there is "any doubt as to the right of removal in the first instance," "[f]ederal jurisdiction must be rejected." *See Gaus*, 980 F.2d at 566.  Here, there is no explanation for the damages claimed and no indication that the statement of damages would bind plaintiff at trial or operate as a judicial admission.  The statement of damages is not conclusive regarding the amount in controversy.

Other district courts have also found statements of damages to be non-conclusive.  *See, e.g.*, *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (finding that estimates in a statement of damages were difficult to credit in light of the complaint's

NOTED: AUGUST 23, 2019 - 4

allegations and the failure to explain any factual basis for most of the damages claimed); *Ortiz v. Costco Wholesale Corp.*, No. 19-cv-1293, 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (finding that a statement of damages' bare allegation of damages over the jurisdictional amount was not enough to meet defendant's burden when removal was contested); *see also Zalta v. K2M, Inc.*, No. SACV 13-1353-JLR (MRWx), 2013 WL 12140470, at *3 (C.D. Cal. Nov. 13. 2013) (finding that plaintiff's reliance on low damages claimed in statement of damages was not conclusive where other evidence contradicted the statement of damages).  And even in a case where a District Court did find that the statement of damages showed that the amount in controversy was met, the Court did not simply give the statement of damages conclusive effect but found that the particular allegations supported a substantial loss of future earnings.  *See Jackson v. Target Corp.*, No. CV 08-6814-RSWL (VBKx), 2008 WL 11339920, at *1–*2 (C.D. Cal. Dec. 22, 2008) ("[However], a Statement of Damages should not conclusively establish the amount in controversy if it appears to be only a bold optimistic prediction." (internal quotation omitted)).

    The undersigned further notes that in response to the motion to remand, defendant could have requested discovery on this issue or submitted additional evidence.  *See Abrego v. Abrego*, 443 F.3d 676, 691 (9th Cir. 2006); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).  Instead, defendant continues to rely on the statement of damages and does not point to any additional evidence to support its position.   For these reasons, the undersigned recommends granting plaintiff's motion to remand.

## ATTORNEY FEES

    Plaintiff requests an award of attorney fees and costs if her motion is granted.  *See* Dkt. 8, at 1.  28 U.S.C. § 1447(c) gives this Court discretion to require payment of just costs and actual

1  expenses, including attorney fees, as a result of removal, if a remand motion is granted.  *See*

2  *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992).  However, "[a]bsent

3  unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

4  removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin*

5  *Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, it was objectively reasonable for defendant to

6  interpret plaintiff's statement of damages as grounds for removal, even if the Court ultimately

7  finds that remand is appropriate.  Therefore, the undersigned recommends denying plaintiff's

8  request for attorney fees and costs.

## CONCLUSION

10  Plaintiff's motion to remand should be granted, the matter should be remanded to King

11  County Superior Court, and the case should be closed.  Plaintiff's request for attorney fees and

12  costs should be denied.

13  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

14  Procedure, the parties shall have fourteen (14) days from service of this Report to file written

15  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

16  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the

17  time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

18  August 23, 2019, as noted in the caption.

19  Dated this 5th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge