THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERI FLORES, | CASE NO. C19-0825-JCC |
| Plaintiff, | ORDER |
| v. | |
| SAFEWAY, INC., | |
| Defendant. | |

This matter comes before the Court on the report and recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. No. 16). Having thoroughly considered the report and recommendation, Defendant's objections (Dkt. No. 17), and the relevant record, the Court REJECTS the report and recommendation and DENIES Plaintiff's motion to remand (Dkt. No. 8) for the reasons stated herein.

## I. BACKGROUND

Plaintiff originally filed this action in state court, alleging that she suffered "sever[e]" personal injuries when she tripped on a pothole that Defendant failed to repair. (Dkt. No. 1-2 at 3.) In her original filing, Plaintiff did not state the amount of damages that she sought because Wash. Rev. Code § 4.28.360 prohibits a plaintiff in a civil action for personal injuries from including such a statement in a complaint. Section 360 does, however, allow a defendant to request that the plaintiff provide a separate statement of the damages that the plaintiff seeks.

1  Defendant availed itself of this provision and requested that Plaintiff provide a statement of
2  damages. (Dkt. No. 11.) Plaintiff, through her counsel, provided the requested statement, which
3  said that Plaintiff sought $89,651.50. (Dkt. No. 1-3 at 2.) This statement—which broke down
4  Plaintiff's damages into three categories and was given to Defendant over two months into the
5  litigation—led Defendant to file a notice of removal shortly after it received the statement.[1] (*See*
6  Dkt. Nos. 1 at 3, 1-3 at 3.)

Following Defendant's removal of the case, Plaintiff filed a motion to remand. (Dkt. No. 8.) In her motion, Plaintiff argues that her "statement . . . of any special damages and general damages sought," Wash. Rev. Code § 4.28.360, is not actually the relief that she seeks—or rather, the statement is not sufficient evidence of the relief that she seeks. (*See* Dkt. No. 8 at 1–2.) And because the statement is, according to Plaintiff, such bad evidence of her requested relief, Plaintiff argues that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. (*See id.*) She therefore contends that remand is appropriate.

Judge Creatura agrees with Plaintiff. As Judge Creatura sees it, Plaintiff's statement is "too speculative and conclusory to support a finding by a preponderance of the evidence that the jurisdictional threshold has been met." (Dkt. No. 16 at 4.) Consequently, Judge Creatura recommends that the Court grant Plaintiff's motion and remand the case. (*Id.* at 6.)

## II.    DISCUSSION

Statements of damages are not pleadings. *See* Wash. Civ. R. 7(a) (listing the pleadings allowed in Washington Superior Court). Nor are they binding judicial admissions. *See* 2 McCormick on Evidence § 254 (Kenneth S. Broun, 7th ed. 2016) (defining "judicial admissions" as "formal concessions in the pleadings in the case or stipulations . . . that have the effect of

---

[1] The precise timing is unclear. Defendant's notice of removal says that Defendant received Plaintiff's statement on May 15, 2019, (*see* Dkt. No. 1 at 3), while the Statement itself is dated May 28, 2019, (*see* Dkt. No. 1-3 at 3).

withdrawing a fact from issue"). But they are "statement[s] . . . setting forth separately the amounts of any special damages and general damages sought." Wash. Rev. Code § 4.28.360. That makes them undoubtedly relevant to determining the amount in controversy, which is simply the "damages claimed or relief demanded" by the plaintiff. *Amount in Controversy*, *Black's Law Dictionary* (11th ed. 2019). The relevance of any such statement will, as is so often true, depend on the facts of the case. In some cases, the statement may be unreasonable given the complaint's allegations. In other cases, the plaintiff might disavow their statement and offer contrary evidence of the amount in controversy. But here, Plaintiff gave a specific estimate of the damages that she seeks, she did not expressly disavow that estimate, and the estimate appears reasonable given the serious allegations in Plaintiff's complaint and settlement demand letter. (*See* Dkt. Nos. 1-2, 1-3, 17-1.) Consequently, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**A.    Standard**

A non-resident defendant may remove a case to federal court if the parties are diverse and the amount in controversy exceeds $75,000 at the time of removal. *See* 28 U.S.C. §§ 1332, 1441; *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal."). In an ordinary case, determining the amount in controversy is simple: it is whatever the plaintiff says it is, so long as the plaintiff demanded the amount in good faith. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). This simple rule is, however, available only if the plaintiff asks for a specific amount of damages in their "initial pleading." *See* § 1446(c)(2). And because Plaintiff could not ask for a specific amount of damages in her complaint, *see* Wash. Rev. Code § 4.28.360, the rule is unavailable here.

If the complaint does not include a specific request for damages, then the defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* §§ 1332(a), 1446(c)(2)(B); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). To satisfy this burden, the defendant must point to facts that support jurisdiction and may not rely on "conclusory allegations as to the amount in controversy." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (remanding case where the defendant offered "no facts whatsoever to support the court's exercise of jurisdiction"). Of course, while the defendant cannot rely on their own conclusory assertions, "the parties need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The amount in controversy is, after all, "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). Likewise, the defendant's burden of establishing the amount in controversy "is a pleading requirement, not a demand for proof. Discovery and trial come later." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

With those principles in mind, the Court must determine if Defendant has established by a preponderance of the evidence that the amount in controversy in this case—that is, the amount that Plaintiff was claiming at the time of removal—exceeds $75,000. The Court concludes that Defendant has carried its burden because Plaintiff's statement of damages is strong evidence of the amount in controversy and because that evidence is corroborated by the allegations in Plaintiff's complaint and demand letter.

### B. Plaintiff's Statement of Damages

Defendant relies primarily on Plaintiff's statement to establish the amount in controversy.

In fact, Defendant contends that "Plaintiff's statement of damages is *per se* the amount in controversy." (Dkt. No. 17 at 6.) Plaintiff, by contrast, argues that the statement is "non-conclusive," (Dkt. No. 19 at 4), and Judge Creatura agrees, (Dkt. No. 16 at 4). While the Court concludes that a statement of damages is not *per se* the amount in controversy, it does hold that Plaintiff's statement is strong evidence of the amount in controversy in this case.

### 1. Statements of Damages as *Per Se* the Amount in Controversy

To support its position that Plaintiff's statement is *per se* the amount in controversy, Defendant cites to a series of Supreme Court and Ninth Circuit decisions that give special weight to the sum that the plaintiff claims when determining the amount in controversy. (*See* Dkt. No. 17 at 4–6) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938); *Gaus*, 980 F.2d at 566; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986)). But these cases all refer to the amount that the plaintiff claims in their complaint. *See Saint Paul*, 303 U.S. at 288–89 (referring to the "complaint" and "the face of the pleadings"); *Gaus*, 980 F.2d at 566–67 (discussing ambiguity in the complaint); *Pachinger*, 802 F.2d at 363 ("The amount in controversy is normally determined from the face of the pleadings."). This distinction makes a difference. By its plain terms, 28 U.S.C. § 1446(c)(2) applies only to "the sum demanded . . . in the initial pleading," and the Supreme Court has observed that pleadings are unique because they are binding. In *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 592–96 (2013), for example, the named plaintiff in a class action lawsuit argued that he had conclusively established the amount in controversy by stipulating that the he would not seek more than $5,000,000 in damages for the class. The Supreme Court rejected this argument—along with the plaintiff's reliance on *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)—because the stipulation did not bind absent class members. *See Knowles*, 568 U.S. at 595–96. The binding nature of a pleading or stipulation, the Supreme Court explained, is the "essential feature" that allows a plaintiff to avoid removal and obtain remand by agreeing to seek an amount that falls below the jurisdictional threshold. *See id.*

Statements of damages lack the "essential feature" that the Supreme Court found so important in *Knowles*—namely, they are not binding. *See* McCormick on Evidence, *supra*, § 254. Such statements also fall outside of the text of § 1446(c)(2), which applies only to a plaintiff's "initial pleading." As a result, statements of damages are not entitled to the same conclusive weight that the Court has long afforded to similar statements made in pleadings. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1998) (observing that statements in pleadings, unless amended, are binding on the party that makes them).

### 2. Statements of Damages as Evidence of the Amount in Controversy

Although Plaintiff's statement of damages is not *per se* the amount in controversy in this case, it is still strong evidence of that amount because the statement offers a reasonable estimate of Plaintiff's damages and Plaintiff has never expressly disavowed the statement.

To establish the amount in controversy, a defendant may point to many different types of evidence. *See* 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702.3 (4th ed. 2019). A particularly powerful form of evidence is the plaintiff's own statements about the damages they seek. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002) (denying remand because the plaintiff said in a demand letter that his trademark was worth more than $100,000); *Cruz v. Wal-Mart Stores, Inc.*, 2017 WL 3394308, slip op. at 2 (D. Nev. 2017) (determining the amount in controversy by looking to an expenses table the plaintiff included in her request for exemption from arbitration); *Vitale v. Celadon*, 2017 WL 626356, slip op. at 3 (C.D. Cal. 2017) (holding that a damages estimate in a mediation brief is relevant evidence of the amount in controversy). The relevance of such evidence should be obvious: "In a case for money damages . . . the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case," *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997), and the best evidence of that assessment is usually the plaintiff's own statements.

A statement of damages made pursuant to § 360 is especially relevant evidence of how

the plaintiff values their case. The statute states that the plaintiff "shall" provide "a statement . . . setting forth separately the amounts of any special and general damages sought." Wash. Rev. Code § 4.28.360. This unambiguous language requires that the plaintiff do exactly what they would have done in their complaint—assess the value of their case and tell the defendant the amount of damages that they seek. *See M.R.B. v. Puyallup Sch. Dist.*, 282 P.3d 1124, 1136 (Wash. Ct. App. 2012) ("[I]t is fair to interpret the amount listed in the statements as doing exactly that."). In doing so, the plaintiff places the defendant on notice of the damages that the plaintiff is claiming at the outset of the litigation. *See Pierson v. Hernandez*, 202 P.3d 1014, 1018–19 (Wash. Ct. App. 2009) (holding that the plaintiff properly "pleaded her damages" for the purposes of Wash. Rev. Code § 4.84.250 by providing a statement of damages pursuant to Wash. Rev. Code § 4.28.360).

This is not to say that a statement of damages will establish the amount in controversy for every case. As the Ninth Circuit recognized in *Cohn v. Petsmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002), a plaintiff could provide an obviously unreasonable estimate of their damages. *See also Jackson v. Target Corp.*, 2008 WL 11339920, slip op. at 1 (C.D. Cal. 2008) (quoting *Molina v. Lexmark Int'l, Inc.*, 2008 WL 4447678, slip op. at 4 (C.D. Cal. 2008)) ("[A] Statement of Damages should not conclusively establish the amount in controversy 'if it appears to be only a "bold optimistic prediction."'"). In addition, a plaintiff might later disavow their statement and provide contrary evidence of the damages that they are claiming. *See, e.g.*, *Cohn*, 281 F.3d at 840 ("Cohn could have argued that the demand letter was inflated and not an honest assessment of damages."); *Cayer v. Vons Cos.*, 2017 WL 3115294, slip op. at 3–4 (D. Nev. 2017) (remanding case and emphasizing that plaintiff disavowed his demand letter). But those cases are likely to be rare. After all, a plaintiff who disavowed their statement of damages would essentially have to admit that they violated section 360.

Here, Plaintiff's statement is strong evidence of the amount in controversy because it provided a reasonable estimate her damages. In her statement, Plaintiff, through her attorney,

offered a "good faith estimate of Plaintiff's known damages . . . at the time the response was formulated." (Dkt. No. 1-3 at 1.) That estimate broke down Plaintiff's damages into three categories and offered specific amounts for each category. (Dkt. No. 1-3 at 2) (listing $15,734 for medical expenses; $5,4250.96 for wages, lost profits, and/or impaired earning capacity; $1,250 for miscellaneous economic damages; and $67,445.61 for non-economic damages). Those amounts appear to be neither random nor unreasonable. *See Cohn*, 281 F.3d at 840 ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *infra* Section II.C. Indeed, as Plaintiff's demand letter indicates,[2] the figures reflect Plaintiff's (or her attorney's) thoughtful assessment of Plaintiff's expenses and injuries, which include her "ongoing pain"; her inability to enjoy activities like taking her children on outdoor outings; and the "mental anguish" that she suffered. (*See* Dkt. No. 18-1 at 4.) Given these injuries and expenses, it was reasonable for Plaintiff to claim $89,651.50 in damages.

Plaintiff offers three ultimately unpersuasive reasons why the Court should give little weight to her own statement's figures. First, Plaintiff observes that her attorney prepared the statement. (*See* Dkt. No. 19 at 4–5.) This is true, but it is also irrelevant. To begin with, a client "is deemed bound by the acts of [the client's lawyers]" because an attorney acts as the client's agent. *See Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1246 (9th Cir. 2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962)). Courts have, therefore, routinely found statements by attorneys to be relevant evidence of the amount in controversy. *See, e.g.*, *Cohn*, 281 F.3d at 840 n.2 (finding relevant a demand letter written by the plaintiff's attorney); *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 374–77 (9th Cir. 1997) (holding amount in

---

[2] Judge Creatura did not have the benefit of considering the demand letter in making his report and recommendation because Defendant did not cite to the letter in Defendant's petition for removal. (*See generally* Dkt. No. 1.) However, a district court may consider evidence contained in affidavits filed after a petition for removal. *See Cohn*, 281 F.3d at 840 n.3 (citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)). The Court does so here.

controversy was met where the plaintiff's attorney said in open court that the amount was "absolutely" above $50,000). In addition, even if some attorney statements should not be imputed to a client, a statement of damages must be given that § 360's plain text allows a defendant to request a statement "from the plaintiff" and requires that "the plaintiff" provide the statement. *See Hall v. Carson*, 2018 WL 4600908, slip op. at 6 (Wash. Ct. App. 2018) ("[T]he trial court erred in determining that the statement of damages was not a statement made by the plaintiff because her attorney prepared it."). Finally, it would make little sense to give conclusive weight to the damages claimed in a complaint while discounting those claimed in a statement of damages; both are typically prepared by attorneys.

Plaintiff also argues that her statement is "pure speculation." (Dkt. No. 19 at 3.) Judge Creatura echoes this argument, observing how the statement disclaimed that it was "formulated . . . early in this case, before any meaningful discovery has occurred." (Dkt. No. 16 at 3) (quoting (Dkt. No. 1-3 at 1–2)). While these arguments have an element of truth, they fail to appreciate that the amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. Consequently, the amount in controversy is often established by evidence that is "speculative," such as demand letters sent before a lawsuit is filed, *see Cohn*, 281 F.3d at 840; mediation briefs generated prior to the exchange of discovery, *see Vitale*, 2016 WL 626356, slip op. at 1, 3–4; and even complaints themselves, *see Moore v. CVS Corp.*, 2017 WL 2999021, slip op. at 2 (C.D. Cal. 2017) (holding amount in controversy was met "due to the severity of the alleged injuries and damages sought" in the plaintiff's complaint). Plaintiff's statement is arguably better evidence than those sources given that the Plaintiff made it two months after litigation commenced and that she had a statutory obligation to set forth an accurate estimate of the damages she sought.

Finally, Plaintiff argues that her statement is full of "conclusory allegations" and that defendant failed to "prove" that her statement is correct. (Dkt. No. 8 at 4.) Judge Creatura makes a similar argument when he emphasizes that the statement does not explain how Plaintiff

calculated her damages. (Dkt. No. 16 at 4.) Both arguments misstate Defendant's burden. While a defendant may not establish the amount in controversy through the defendant's own conclusory allegations, *Matheson*, 319 F.3d at 1090–91, a plaintiff's statement of damages is not a "conclusory allegation"; it is direct evidence of the value that the plaintiff places on their case. And unless the plaintiff disavows their prior statement—which Plaintiff has never done—that statement will usually establish the amount in controversy so long as it is reasonable given the nature of the complaint. *See Cohn*, 281 F.3d at 840; *Vaughn v. Stephens Media LLC*, 2012 WL 2789024, 3 (D. Nev. July 9, 2012); *Rodgers v. Travelers Prop. Cas. Co. of Am.*, 2008 WL 3992801, 3 (D. Nev. Aug. 22, 2008). This is true even if the statement does not lay out in detail the basis for the plaintiff's estimate of their damages. In *Cohn*, for example, the Ninth Circuit found it sufficient that the plaintiff's attorney had said in a demand letter, "Upon review of my client's records, and evaluating the value of the good will portion of his business, we believe the mark is worth more that [sic] $100,000 to him." 281 F.3d at 840 n.2. Plaintiff's Statement is more detailed than that. (*See* Dkt. No. 1-3 at 1–2.)

Given that Plaintiff's statement offers a reasonable estimate of her damages and that she has never disavowed her statement, the Court concludes that the statement is strong evidence of the amount in controversy.

**C.     The Allegations in Plaintiff's Complaint and Settlement Demand Letter**

In addition to Plaintiff's statement, Defendant offers two further pieces of evidence of the amount in controversy: the allegations in Plaintiff's complaint and demand letter. (Dkt. Nos. 1-2, 18-1.) That evidence, when considered in conjunction with Plaintiff's statement, establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3]

Plaintiff's complaint and demand letter show that Plaintiff alleges that she suffered

---

[3] Because Defendant has offered multiple types of evidence, the Court need not decide whether Plaintiff's statement, standing alone, would establish the amount in controversy by a preponderance of the evidence.

serious injuries. The complaint itself is, admittedly, light on specifics. (*See* Dkt. No. 1-2 at 2–4.) But Plaintiff does allege that she was "severely injured" and suffered an "avulsion fracture of the ankle"; that she incurred "medical and other expenses and lost wages"; and that despite seeking treatment, "said injuries, together with pain, discomfort and limitation of movement prevail and will continue to prevail for an indefinite time into the future." (*Id.* at 2–4). These allegations are clarified by the demand letter, which provides extensive detail about the injuries Plaintiff suffered, the treatment she sought for those injuries, and the way her injuries have impacted her life. (*See* Dkt. No. 18-1 at 2–4.) "Ms. Flores," the demand letter concludes, "has lost hope that she will ever feel like herself again." (*Id.* at 4.)

The complaint and the demand letter leave little doubt that Plaintiff gave a reasonable estimate of her damages when she responded to Defendant's request for a statement of damages. *See Cohn*, 281 F.3d at 840. And because that estimate exceeded $75,000, Defendant has established by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2)(B); *Corral*, 878 F.3d at 774.

## III. CONCLUSION

For the foregoing reasons, the Court REJECTS the report and recommendation (Dkt. No. 16) and DENIES Plaintiff's motion to remand (Dkt. No. 8).

DATED this 1st day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0825-JCC
PAGE - 11